BLANCHE, Judge.
Plaintiffs instituted this suit to recover damages for personal injuries sustained by their minor daughter, Kimberly Sue Bate-man, as a result of being struck by an automobile driven by defendant, Glen Dorman Meades, while plaintiffs’ daughter was riding a bicycle. The evidence shows that the accident occurred around three o’clock P.M. on August 3, 1968, when defendant Meades, who was operating an automobile in a northerly direction on Pumpkin Center Road, struck plaintiffs’ daughter as she came from a private driveway onto the highway. Plaintiffs filed suit against Glen Dorman Meades, the driver of the automobile; Stanley L. Meades, the owner of the automobile; State of Louisiana, Department of Highways; Lee A. Holland; Ruby H. Holland; W. R. Aldrich and Company and National Surety Corporation. Plaintiffs alleged that the accident was caused by the concurrent negligence of Glen Dor-man Meades, the operator of the automobile, and the Department of Highways and its road contractor (insured by National Surety Corporation) by virtue of the negligent placement of a barricade road sign obstructing the view. The trial judge rendered judgment in favor of all defendants dismissing plaintiffs’ suit, from which adverse judgment plaintiffs appealed. We affirm.
A review of the record discloses that Glen Dorman Meades was guilty of no negligence causing or contributing to the cause of the accident. The speed limit on the highway in the area of the accident was 45 miles per hour, and the record contains *312 no evidence indicating that the defendant driver was operating the vehicle at an excessive speed under the existing circumstances and conditions. There were no small children in the vicinity and, therefore, no duty owed by defendant driver to proceed at a slower rate of speed than that which he was maintaining. The record likewise fails to establish any negligence on the part of the defendant driver with regard to maintaining a proper lookout. The record shows that as soon as the defendant driver was able to see the child operating the bicycle from the driveway onto the highway, he attempted to take appropriate evasive action to no avail. The record also shows that the vehicle was brought to a stop immediately in the vicinity of where the impact occurred. (Record, p. 152) Plaintiffs’ daughter indicated that the defendant driver attempted to take evasive action as soon as she entered the highway to no avail. (Record, pp. 138, 139)
In summary, the record clearly shows that the trial judge committed no manifest error in failing to find Glen Dorman Meades guilty of any negligence. Mr. Meades was simply confronted suddenly and without prior warning with an emergency situation not of his own making, and despite his making reasonable efforts to avert the accident, he was unsuccessful.
Nor does the record establish any negligence on the part of the Department of Highways or its contractor with regard to the placement of the barricade and road sign alerting motorists of the road construction ahead. The record, including the picture of the road sign in question (Aldrich Exhibit No. 1), shows that the road sign was not placed or erected in any negligent manner. Indeed, the record shows that the barricade or road sign was erected before the house and driveway were constructed, from which plaintiffs’ daughter entered the highway.
Plaintiffs have simply failed to establish any liability on the part of any of the defendants for the accident sued on. The Department of Highways and its contractor have a legitimate purpose, and indeed, a duty, to erect roadway warning signs to alert motorists of road construction ahead. The utilitarian purpose and discharge of the duty were properly accomplished by the Department of Highways and its contractor. The fact that the sign may have partially blocked or obscured plaintiffs’ daughter’s view of the highway does not warrant imposition of liability.
The judgment appealed from is affirmed, with all costs of this appeal assessed to plaintiffs-appellants.
Affirmed.